Where issue was joined in an action of ejectment, on the demise of an *alien*, resident in *England*, claiming to hold land, under the act of the 2d of *April*, 1798, (sess. 21. c. 72.) before the declaration of the war; it was held, that the objection, that the lessor of the plaintiff is an *alien* enemy, could not be made under the general issue; but should have been pleaded *puis darrein continuance.*

Where a party brings an action of ejectment,before he has offered to have the improvements valued, and to pay for them, pursuant to the act, (*N. R. L.* vol. 1. p. 304.) he cannot recover costs,nor be put into possession, until the improvements are valued, and paid for.

JACKSON, *ex dem.* SMITH AND JOHNSTON, *against* M'CONNEL.

THE facts in this case, which was argued together with that of *Jackson, ex dem. Johnston and others,* v. *Decker,* last reported, are the same, except that the suit, having been commenced before the death of *John Lowther Johnston,* the demise was laid from him, instead of his heirs ; and the issue was joined before the commencement of the war. It was also tried at the *Seneca* circuit, on the 27th of *May,* 1814. The defendant's counsel also insisted, at the trial, that *John Lowther Johnston* was not the heir at law of Lady *Bath ;* but the judge overruled the objection, and decided that the lessor was entitled to recover as heir at common law.

It was also objected, on the argument, that the plaintiff was not entitled to recover costs, in this cause, because he had not offered to the defendant to have the value of the improvements appraised, pursuant to the act. (Sess. 36. c. 80. s. 4.)

*Henry* and *Van Vechten,* for the plaintiff.

*Kellogg,* contra.

SPENCER, J. delivered the opinion of the court. The only difference between the case just now decided, and the present, is, that the issue in this suit was joined before the declaration of war. In this case, then, a new defence had arisen ; and when the demise was made, the lessors of the plaintiff could well make it. The defendant should have disclosed his new defence, by a plea *puis darrein continuance,* and could not take the objection under the general issue. The plaintiff is, therefore, entitled to possession, whenever the improvements have been valued according to the statute, and paid for ; but the plaintiff is not entitled to costs, as he did not offer to have the improvements valued, and to pay for them, before he brought the suit.

Judgment for the plaintiff, accordingly.