JACKSON
v.
BELL.

BIGELOW *against* STEARNS.

In an action for *false imprisonment* only, if the plaintiff recovers damages, though less than fifty dollars, he is entitled to full costs in this Court.

THIS was an action for *false imprisonment* brought against the defendant, for an act done in his office as a justice of the peace, in which the plaintiff recovered ten dollars, damages. Full costs in this Court having been taxed, a motion was made for a re-taxation, on the ground that the plaintiff was not entitled to more costs than damages, or costs of the Court of Common Pleas merely.

*Per Curiam.* This is an action for *false imprisonment* only. Though false imprisonment includes an assault, it does not follow, *e converso*, that an assault and battery includes *false imprisonment.* They are distinct causes of action. The *sixth* section of the statute (sess. 36. ch. 96.) speaks only of "actions of assault and battery, and for slanderous words," in which the plaintiff, if he recovers less than 50 dollars, can recover no more costs than damages. Actions of assault and battery, and false imprisonment, &c. are expressly excepted from the provisions of the 4th and 5th sections; and in the other sections nothing is said about those actions. They are governed, then, by the general provision of the first section of the act; and we are, therefore, of opinion, that in an action for false imprisonment only, if the plaintiff recovers damages, though less than 50 dollars, he is entitled to full costs.

Motion denied.

JACKSON, *ex dem.* ALLEN and others, *against* BELL and others.

It seems, that the *lessor* in ejectment cannot release the action.

THIS was an action of ejectment brought to recover a moiety of lot number 86, in the town of *Willet.* The cause was noticed for trial at the *Cortland* Circuit, on the

fourth of *June* last, when the plaintiff was nonsuited, for want of a confession of lease, entry, and ouster,

*Richardson*, for the defendants, moved to set aside the nonsuit and all subsequent proceedings, and for leave to plead a release to the defendant *Bell*, (the other two defendants being his tenants,) from *Jeremiah D. Hayden*, one of the lessors of the plaintiff, son and heir of *B. Hayden*, deceased, from whom the other two lessors derived title, by virtue of a pretended deed from *B. H.* to *F. Runyan*, one of the lessors, which had not been proved or recorded, prior to the 20th of *February* last, when the release was dated; but of which fact the defendants' attorney was not informed until about the first day of *June*. He had offered to plead the release at the Circuit, but the judge refused to receive the plea, on the ground that the release had been given before the last *May* Term. The affidavit of the defendant *B.* further stated, that since the circuit he had obtained a release from *F. Runyan*, another of the lessors, of all his right and title to the premises in question, and that *Allen*, the other lessor, claimed title to the premises, under a deed from *Runyan*, executed whilst the defendant *B.* was in possession of the premises, holding adversely. It appeared that issue was joined in the cause, in *May* 1820.

*H. Sedgwick*, contra, read the affidavit of *Allen*, one of the lessors, stating, among other things, that he was a *bona fide* purchaser of the premises from *F. Runyan*; and that the clerk of the county refused to record his deed, because the proof of its execution was not in due form, &c. That the other two lessors were not beneficially interested in the suit, but were made plaintiffs, because the title of the lessor *A.* was derived under them. He contended that the nonsuit was properly granted. (*Adams' Eject.* 290.) The plea *puis darrein continuance*, which is of matter arising after issue joined, and before trial, must be pleaded without delay. (*Jackson v. Rich.* 7 *Johns. Rep.* 194.) The reason of the indulgence as to such pleas, in cases of bankruptcy or insolvency (2 *Johns. Rep.* 294. 9 *Johns. Rep.* 255.) does not apply to this case. Again; the releases are bad:

1. Because, the lessors are tenants in common with *Bell;* and one tenant in common cannot release to his companion, for they have separate freeholds. (*Co. Litt.* 192. *b.* *Cruise's Dig.* tit. 20. *Walk. Convey.* 46.) 2. The lessor of the plaintiff in ejectment cannot release the action. *James Jackson* is the real party on the record; and it is only the real party on the record who can release the action. In *Doe* v. *Brewer,* (4 *Maule & Selw.* 300.) Lord *Ellenborough* observed, that though for other purposes this was treated as a fictitious action, yet as matter on the record, it must be taken as really between the parties to it.

*Per Curiam.* We are not satisfied that the defendant has shown a sufficient excuse for not pleading the release before; but as we see no equity or justice in the plea, we deny the motion.

Motion denied.

---

## FILKINS *against* BROCKWAY.

MOTION to set aside the *certiorari* which had been allowed in this case, on the ground that the seal affixed to the writ had been detached from process to which it had been before affixed, and again affixed to this writ. The affidavit of the attorney who sued out the *certiorari,* stated, that the seal had been taken from a *capias ad respondendum,* which had been filled up, but never delivered to the sheriff.

*Per Curiam.* We deny the motion, without costs; but we think proper to lay down this general rule, in future: that a seal which has been used by being affixed to any process which has been filled up, whether such process has been delivered to the sheriff or not, cannot be again used, or attached to another writ. It is *functus officio,* and to allow it to be again used, would lead to improper practices, and be a fraud on the clerk's office. We intend to put a