UTICA.
Aug. 1824.

Jackson
v.
M'Michael.

Motion granted.

JACKSON, ex dem. DE FOREST & M'MICHAEL, against RAM-
SAY.

EJECTMENT for premises in *Rotterdam*, county of *Schenectady*, tried before DUER, Circuit Judge, at the *Schenectady* Circuit, *October*, 1823.

On the trial, it was shown that the declaration was served on the defendant, who was in possession, in the vacation after *January* term, 1823, and that it was returnable at the *May* term thereafter. Issue was joined in the vacation after *May* term.

The plaintiff claimed as devisee of the premises in the will of *A. M. M'Michael*, which was proved, dated 17*th April*, 1818, shortly after which the testator died seised.

The defendant then introduced in evidence the exemplification of the record of a judgment recovered in the Court of Common Pleas of the county of *Schenectady*, by *William M'Martin* against *A. M'Michael*, the testator, for $338$\frac{44}{100}$, and also the exemplification of the record of a judgment recovered in the same Court by *Daniel Martin*, against the testator, for $60$\frac{21}{100}$, both which records were filed the 13*th September*, 1817. The defendant

Matter of defence arising after issue joined must be pleaded *puis darrein continuance.* This rule applies as well to ejectment as to other actions ; as where the defendant acquires title by deed after issue. But where R. purchased the premises at sheriff's sale on a judgment and execution against M. & took no deed ; & then M's devisee brought ejectment, after issue joined in which, R. obtained a sheriff's deed ;

*held*, that this need not be pleaded ; but might be given in evidence upon the general issue.

A deed given by a sheriff upon a previous sale on execution relates back to, and, in judgment of law, is executed at the time of the sale.

Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred ; and to this the other act shall have relation.

Cases supporting this rule considered ; and applied to a deed executed more than 4 years after the sheriff's sale.

UTICA,
Aug 1824.

Jackson
v.
M'GMichael.

then introduced in evidence a *fi. fa.* against goods and lands issued upon the judgment of *Wm. M'Martin*, tested 3d *January*, in the 44th year of our Independence, and returnable on the 2d *Tuesday* of *May* (then) next, endorsed for $217,90, &c. and to which the following return was attached : " There being no goods and chattels to be found whereof I could levy the amount of debt and the costs due on the annexed execution, and another in favour of *Daniel Martin*, I have seised, and exposed to sale at publick auction, all the right and title of *A. M'Michael*, deceased, of, in and to the following described lands, &c. (*part of the premises in question*) to *Philip Ramsay*, for the sum of $15, being the highest sum bid for the same when sold, being on the 2d day of *October*, 1818.

*John Corl*, Under Sheriff."

The defendant also introduced in evidence a *fi. fa.* against goods and lands upon the judgment of *Martin*, tested 3d *January*, in the 42d year of our independence, and returnable on the 2d *Tuesday* of *May*, (then) next, to which was attached the following return : " There being no goods and chattels to be found whereof I could levy the amount of the damages and costs due on the annexed execution, and another in favour of *Wm. M'Martin*, I have seised and exposed to sale at publick auction, all the right and title of *Alexander M'Michael*, deceased, of and to all the following described property, situate, &c. (*part of the premises in question*) to *Philip Ramsay*, for the sum of $300, being the highest sum bid for the same when sold, being the 2d *October*, 1818.

*John Corl*, Under Sheriff."

The defendant then offered in evidence two Sheriff's deeds, purporting to have been given by *Gideon Holiday*, Esq. former Sheriff of the county of *Schenectady*, to *Philip Ramsay*, the defendant, as a purchaser of the premises in question, at a sale of the same premises by the Sheriff, on the 2d day of *October*, 1818, by virtue of the two writs of *fi. fa.* before described. These deeds bore date the

UTICA,
Aug. 1824.
Jackson
v.
M'Call.

*12th August,* 1823. To their introduction in evidence, the plaintiff's counsel objected, upon the ground that they were given since issue was joined; and should have been pleaded *puis darrein continuance* at the last *August* term, or, at all events, at the (then) Circuit Court before the trial of the cause; and it was agreed by the counsel that issue was joined on the *4th June,* 1823. The consent rule was in the usual form. It was also objected that the deeds were void, being in violation of the 1st section of the act to prevent and punish champerty and maintenance; and also because they were not given within a reasonable time after the sale. The Judge rejected the deeds on the ground that they should have been pleaded *puis darrein continuance.*

A motion was now made for a new trial.

*E. Yates,* in support of the motion, denied that a plea *puis darrein continuance* was applicable to an action of ejectment. At any rate, it is confined to the case of an alien enemy. But if otherwise, the Sheriff's deeds were not new matter within the rule which requires such matter to be interposed by plea. This Court have often decided that a Sheriff's deed relates back to the time of the sale, although executed afterwards. (*Jackson* v. *Dickenson,* 15 *John.* 309.) The delay is the fault of the officer; and should not prejudice the purchaser. Indeed it is a general rule that a conveyance executed in pursuance of a previous contract relates back to the time of the contract. (*Jackson* v. *Bull,* 1 *John. Cas.* 81. *Jackson* v. *Raymond, id.* 85, *n.* (a) *Johnson* v. *Stagg,* 2 *John. Rep.* 510.)

It is not maintenance for a defendant to perfect a title *pendente lite.* (*Jackson* v. *Ketchum,* 8 *John.* 479.)

*A. C. Paige,* contra. The rule is peremptory, that where matter of defence arises after issue joined, it must be pleaded *puis darrein continuance.* This must be done the first opportunity, and before a term intervenes, (*Bull. N. P.* 309. 1 *Selw. N. P.* 147. 1 *Chit. Pl.* 635, 532. *Tidd,* 773. 5 *Bac. Abr.* 477, *6th ed.* 3 *Bl. Com.* 317. *Jackson* v. *M'Connell,* 11 *John.* 424.) If the matter of defence arise in-

termediate the term and the next Circuit. it must be pleaded at the Circuit, to prevent a trial. (13 *John.* 157. 3 *Caines' Rep.* 173. *Tidd*, 773. 2 *Chit. Pl.* 677, *n.* 2 *Dunl.* 622.) These rules extend to actions of ejectment. (*Jackson* v. *Rich*, 7 *John.* 194. *Jackson* v. *Demont*, 9 *John.* 55, *per Kent. Ch. J. Jackson* v. *M'Connell*, 11 *John.* 424. *per Spencer, J. Jackson* v. *Bell*, 19 *John.* 168.)

In this case, before issue joined, the defendant had no title. It was acquired by the deeds only. Without this, the levy, sale and return, even if accompanied with payment of the money, carried no title. They did not divest the estate of the debtor. (*Jackson* v. *Catlin*, 2 *John. Rep.* 248. 8 *John.* 520. *S. C. affirmed on error. Simonds* v. *Catlin*, 2 *Caines' Rep.* 61.)

The doctrine of relation takes place only where it becomes necessary for the preservation of the estate, or to promote the ends of justice ; as to avoid the effect of an adverse possession, intermediate the conclusion of the contract, and the giving of the deed. (1 *John. Cas.* 85 ) or to render an intermediate sale by the grantee valid, (*id.* 81. 2 *John. Rep.* 510.) or to enable a grantee to sustain an action of trespass for cutting timber after the contract but before the deed, (12 *John.* 140) or to prevent a purchaser at a sheriff's sale being foreclosed from contesting the validity of a mortgage in an action of ejectment at law, a bill of foreclosure having been filed in Chancery before the execution of the sheriff's deed, but subsequent to the sale. (15 *John.* 309.) The general rule is otherwise. The deed does not, if there be no special circumstances to require it. relate to the time of the contract, (*Doe* v. *Telling*, 2 *East*, 256.)

But the deed was void within the statute of champerty and maintenance, (1 *R. L.* 172.) being a purchase of lands pending the suit. (1 *Hawk. P. C. ch.* 84, *s.* 9. *Jackson* v. *Ketchum*, 8 *John.* 479. *Same* v. *Demont*, 9 *id.* 55.)

Again ; the deed should have been executed within a reasonable time. Is it competent to wait several years ? Can the deed be executed at any distance of time ? The delay must not be unreasonable. (*Catlin* v. *Jackson*, 8 *John.* 552, *per Lansing, Chancellor.*)

The doctrine of relation is held only as between the parties to the grant. It is never adopted when third persons, not parties or privies, will be prejudiced. (12 *John.* 140. 4 *id.* 234. 3 *Caines' Rep.* 263. *Jac L. D. Relation.*)

*Curia,* per SUTHERLAND, J. The principal question in the case is, whether a Sheriff's deed, executed after issue joined in the cause, the sale having been made before the commencement of the suit, can be given in evidence by the defendant under the general issue, or should be pleaded *puis darrein continuance.*

The declaration was returnable *May* term, 1823. The consent rule bore date the 28th of *May*, and issue was joined the 4th of *June* in the same year. The Sheriff's sale of the premises in question was made on the 2d of *October*, 1818, but the deeds which were offered in evidence, and which were made in pursuance of that sale, were dated the 12th of *August*, 1823.

That the general rule, requiring matter of defence which has arisen after issue joined, to be pleaded *puis darrein continuance,* is applicable to this as well as other actions, is abundantly settled in this Court. (*Jackson,* ex dem. *Colden.* v. *Rich,* 7 *John.* 194. *Jackson* v. *Demont,* 9 *John.* 60. per *Kent, Ch. J. Jackson* v. *M'Connell,* 11 *John.* 424. *Jackson* v. *Bell,* 19 *John.* 168.)

But it is contended on the part of the defendant that the deeds relate back to the day of sale by the Sheriff; and in judgment of law are considered as having been then given. The lessors of the plaintiff derived their title under the will of *Alexander M'Michael;* and the Sheriff's sale was under judgments obtained against *M'Michael* in his life time. When the defendant entered into possession does not appear; but it is to be presumed that he entered under the title acquired by him at the Sheriff's sale. The lessors of the plaintiff stand in the same relation to the defendant that *Alexander M'Michael* would, had he been living and made a lessor. This, therefore, is a case to which the doctrine of relation is peculiarly applicable, there being no strangers or third persons, whose interest can be affected by it. That doc-

trine is this : *Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred ;  and to this the other act shall have relation.* (*Vin. Ab. Tit. Relation*, 290, *Harper* v. *The Bailiffs of Derby.*)  This principle has been repeatedly recognized.  In *Jackson, ex dem. Loan Officers of Rensselaer*, v. *Bull*, (1 *John. Cas.* 81,) it was held " that a deed executed in pursuance of a previous contract for the same premises, is good by relation, from the time of making the contract, so as to render valid every intermediate sale or disposition of the land by the grantees.  (*Jackson* v. *Raymond*, *id.* 85, *note. Case* v. *De Goes*, 3 *Caines' Rep.* 262, *per Thompson, J. Jackson* v. *Bard*, 4 *John.* 234.)  In *Heath* v. *Ross*, (12 *John.* 140) a patent for land, dated the 4*th* of *December*, but which did not pass the great seal until the 28*th*, was held to relate back  as between the parties, so as to vest the title in *the patentee* from the *date. Jackson, ex dem. Noah*, v. *Dickenson & Thompson*, (15 *John.* 309) was the case of a Sheriff's sale made on the 1*st* of *March*, and the deed not delivered until the 9*th*.  On the 10*th* of the same month, a mortgagee of the same land filed a bill of foreclosure, without making the purchaser at the Sheriff's sale a party.  It was held that the deed related back to the time of the sale ; that the purchaser's title was acquired  previous to the filing of the bill, and he was not  precluded from contesting the validity of the mortgage in an action of ejectment.  The Court say " *the subsequent delivery of the deed, being mere matter of form, must have relation back to the time of purchase at the Sheriff's sale.*" (*Johnson* v. *Stagg*, 2 *John. Rep.* 520, *per Kent, Ch. J. S. P.*)

But the lapse of time between the sale and the giving of the deeds is objected to their validity, or, at all events, to their relation back to the time of sale ; and the observations of Chancellor *Lansing* in *Catlin* v *Jackson in error*, (8 *John. Rep.* 552-3) are supposed to countenance the objection.  But in that case, the purchaser at the Sheriff's sale had never paid his bid ; and the deed was delivered to a third person as an escrow to take effect, when the consideration money should be paid, without any time being limited for the purpose.  The remarks of the Chancellor are applicable to that

state of facts. But in this case the consideration money was paid by the purchaser. He had done every thing to entitle him to a deed. The money must be presumed to have been paid over by the Sheriff to the plaintiff in the execution, in satisfaction of the debt, and, of course, for the benefit of the estate of *A. M'Michael*, whom the lessors of the plaintiff represent. The essential and important part of the Sheriff's duty had then been performed; and nothing remained to be done but *the formal act of delivering the deed*—the purchaser having been in possession, as we have right to presume, from the day of the sale. The lapse of time, under such circumstances, and between these parties, can afford no objection either to the validity of the deed or to its relation back to the time of the sale.

But admitting that by relation it is to be considered as having been given at the time of the sale, does that dispense with the necessity of pleading the fact of delivery, according to its truth, *puis darrein continuance ?* I am of opinion that it does. The defence relied on was the title acquired under the Sheriff's sale. When did that title vest in the defendant ? is the point of enquiry. If before the commencement of the suit, it was available under the general issue. If after issue joined, it should have been pleaded *puis darrien continuance ;* and the date or time of delivery of one of the evidences of the title, is perfectly immaterial. The legal effect and operation of such delivery *is the matter of defence,* and not the instrument itself. The legal effect of the delivery, then, in this case, having been to vest the title in the defendant by relation, as of the 2d *October,* 1818, the matter of defence did not arise subsequent to the joining of the issue, and need not be pleaded *puis darrien continuance.* I am of opinion, therefore, that the Judge erred in rejecting the Sheriff's deeds on that ground; and that a new trial must be granted.

New trial granted.