## JOSEPH MORA MOSS *v.* CHARLES SHEAR.

SUPPLEMENTAL ANSWER.—In actions to recover lands, title acquired by defendants *pendente lite,* and other matters of defense arising subsequent to the commencement of the suit, must be set up by a supplemental answer in the nature of a plea *puis darrein continuance.*

CONVEYANCE OF LAND BY PLAINTIFF PENDING EJECTMENT.—The defendant cannot prove, on the trial of an action of ejectment, for the purpose of showing that plaintiff's right of possession has terminated, that since the action was commenced plaintiff has conveyed the land to another person, unless the fact of such conveyance has been set up in the original or a supplemental answer.

EVIDENCE OF SALE BY PLAINTIFF PENDING EJECTMENT.—If the Court, under objection and exception, erroneously admits evidence on a trial in ejectment, that, pending the action, plaintiff has conveyed the premises to a third person, where such conveyance has not been set up in the pleading, the evidence so erroneously admitted does not tend to prove a material issue, and a refusal to find the fact which it tends to establish is not error.

TRANSFER OF PLAINTIFF'S INTEREST IN CAUSE OF ACTION.—If the plaintiff has conveyed the demanded premises pending ejectment, the Court, by the consent of both the plaintiff and vendee, may, under the provisions of the Practice Act, make an order continuing the action in the name of the original plaintiff.

PLAINTIFF IN EJECTMENT MAY RECOVER AFTER SALE OF LAND.—If the plaintiff

in ejectment transfers the demanded premises pending the action, and the Court orders the action continued in the name of the original plaintiff, he may recover judgment for both the possession and the rents and profits.

STATUTE OF LIMITATIONS.—If an action of ejectment is continued in the name of the plaintiff, who has sold pending the action, the defendant cannot plead the Statute of Limitations as against the vendee of the plaintiff.

TRANSFER OF CAUSE OF ACTION IN EJECTMENT.—The sale and transfer by the plaintiff in ejectment of the demanded premises pending the action, is a transfer of the cause of action within the meaning of the sixteenth section of the Practice Act; and the action may be continued in the name of the original plaintiff.

NEW MATTER AND TITLE ACQUIRED *pendente lite.* — New matter must be specially pleaded; and, in ejectment, a transfer of title by the plaintiff, or a title acquired by defendant, pending the action, must be pleaded by supplemental answer, or it cannot be given in evidence.

DESCRIPTION OF PREMISES IN EJECTMENT.—If the description of the demanded premises does not appear upon the face of the complaint to be insufficient, it is a question of fact for the Court or jury whether the description in the same will apply to the land sought to be recovered.

DEFECTIVE CALLS IN DESCRIPTION OF LAND.—Mode of locating boundaries by the aid of the other calls when some of the calls in a description of land are indefinite, discussed.

CASES COMMENTED ON.—*Moore* v. *Tice,* 22 Cal. 513, and *Tustin* v. *Faught,* 23 Cal. 237, commented on.

CASE AFFIRMED.—*McMinn* v. *O'Connor,* 27 Cal. 246, affirmed as to necessity of pleading by supplemental answer transfer of land by plaintiff, pending an action for its recovery.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff's patent was issued December 31st, 1857. The action was tried in November, 1864. The defendant appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellant, argued that the admission in evidence of the deed from plaintiff to Bayerque was decisive of plaintiff's right to recover, because his right to the possession of the demanded premises ceased upon the execution of the deed, April 25th, 1862, and because after this sale the two hundred and fifty-sixth section of the Practice Act limited plaintiff's right of recovery to damages for withholding the property. He also argued that the Court erred in allowing the action to be continued in the name of the plaintiff Moss for the benefit of Bayerque, because eject-

ment was simply for the recovery of possession, and plaintiff's right to the possession must continue down to the time of trial. He also argued that a conveyance of the property involved in an action of ejectment did not give the purchaser a right to be substituted as plaintiff under the sixteenth section of the Practice Act, or to have the action continued in the name of the original plaintiff, because the deed was not a transfer of the right of action. He argued that the cause of action in ejectment was something that resulted to the plaintiff from an ouster and detention of the premises, all of which resulted from a violation of a simple right which the plaintiff had to the possession; and that as a simple exhibition of title in evidence did not always entitle the holder to possession, so a conveyance *pendente lite* did not transfer the cause of action so as to entitle the vendee to take the plaintiff's place.

He also argued that Bayerque's motion to have the action continued in Moss' name for his benefit should have been denied, because it was made after the time had expired within which Bayerque could have maintained an independent action to recover possession of the premises, or more than five years after the United States patent had issued, and the rule was, in ejectment suits, where application was made to bring in a new demise or to extend the old one, to refuse it when the defendant's right had become fixed by the Statute of Limitations; and cited *Jackson* v. *Murray*, 1 Cow. 156; 1 Caine, 251; *Heyman* v. *Lowell*, 23 Cal. 106; *Boggs* v. *Hargrave*, 16 Cal. 559; *Goodenow* v. *Ewer*, 16 Cal. 470; 8 Texas, 436; 10 Texas, 74; *Holmes* v. *Trout*, 1 McLean, 9; *Crofford* v. *Cothran*, 2 Sneed, 492.

*John B. Felton*, for Respondent, argued that defendant, not having pleaded the transfer of title from plaintiff to Bayerque *pendente lite*, could not prove it; and cited *McMinn* v. *O'Connor*, 27 Cal. 246; *Van Maren* v. *Johnson*, 15 Cal. 311; and *Hardy* v. *Johnson*, 1 Wallace U. S., 371. He also argued that, although the deed had been received in evidence, yet the

Judge was right in disregarding it in his findings, because it was admitted subject to plaintiff's objections.

He also argued that the action was rightfully continued in the name of the original plaintiff, because sections sixteen and two hundred and fifty-six of the Practice Act must be construed together, and that section two hundred and fifty-six did not provide in what case a plaintiff's right to recover real property terminated, but only what should be the consequence when his right did terminate, but that section sixteen provided that in case of a sale, the right should not terminate. He admitted that in ejectment the right of possession must continue up to the time of trial, but argued that it did not follow that it must continue in plaintiff, and that although an interest in an action of ejectment was a right to recover the possession, yet a deed transferred the right to possession, and by consequence the right to recover the possession.

He also argued that when the owner commenced his action within the five years' limitation, that the Statute of Limitations could not be pleaded so long as this action was continued, whether in the name of the original plaintiff or his grantee or heir.

By the Court, Sawyer, J.:

This action was commenced October 21st, 1859. The plaintiff introduced a patent from the United States embracing the land claimed, deraigned title under it, proved possession by defendants, and rested. The defendant, for the purpose of showing that the plaintiff's right of possession had terminated since the commencement of the action, offered in evidence a certified copy of the record of a deed, dated April 25th, 1862, purporting to convey the premises in question from the plaintiff to one J. B. Bayerque; to the introduction of which, plaintiff objected, on the grounds, among others, that the deed having been executed since the commencement of the action, it is inadmissible under the pleadings; that it is immaterial and irrelevant to any issue joined. The Court overruled the objec-

tion, and admitted the deed subject to the objections. Plaintiff's attorney then applied to have the action continued in the name of the original plaintiff under section sixteen of the Practice Act, and, after some further proceedings, stated that he made the application on behalf of both Moss and Bayerque, as the attorney for both. The Court having suggested that he should file a notice of appearance for the vendees, the plaintiff's attorney filed a notice that he appeared "for J. B. Bayerque, and for all other persons interested in the premises described in the complaint under the title of said plaintiff," and moved that the action be continued in the name of the original party. The defendant objected on the ground of want of notice of the motion; because, before the application, the rights of the vendee had become barred by the Statute of Limitations; because plaintiff's title and right of possession had terminated during the pendency of the action, and on that cause of action defendant was entitled to judgment under the two hundred fifty-sixth section of the Practice Act.

The Court overruled the objections, and permitted the action to be continued in the name of the original party. The action having been tried without a jury, the Court found, that on the 30th day of September, 1858, the plaintiff was the owner of, was then, and from thence to the time of the finding had been, and at the commencement of the action was, entitled to the possession of a designated portion of the premises; that defendant ousted him, and, without right or title, wrongfully withheld the possession; and, as a conclusion of law, that plaintiff was entitled to judgment for possession, and for the rents and profits which had accrued prior to the commencement of the suit, being the only portion demanded in the complaint, and judgment was rendered accordingly. The Court did not state in its finding whether plaintiff conveyed to Bayerque since the commencement of the suit, and defendant excepted for want of a finding upon that point; but it does not appear that this exception was filed within the time required by the Act of 1861, or that it was ever brought to the attention of the Court.

*Court need not find on immaterial issues.*

If filed in time, however, and brought to the attention of the Court, there was no error in not finding upon that question, for the fact itself is immaterial under the pleadings. No such issue is presented, and the evidence on the point—the deed from Moss to Bayerque—was irrelevant and improperly admitted.

*New matter must be specially pleaded, and in ejectment, title acquired pending suit must be pleaded by supplemental answer.*

The rule has been long established in this State, that mere denials only put in issue the allegations of the complaint, and that new matter must be specially pleaded. (*Piercy* v. *Sabin,* 10 Cal. 22; *Glazer* v. *Clift,* 10 Cal. 304; *Coles* v. *Soulsby,* 21 Cal. 50.) In the last case, Mr. Chief Justice Field says: " In our practice, a denial, whether general or special, only puts in issue the allegations of the complaint. * * * · * New matter must be specially pleaded—and whatever admits that a cause of action, as stated in the complaint, once existed, but at the same time avoids it—that is, shows that it has ceased to exist—is new matter. It is that matter which the defendant must affirmatively establish." This principle, in one form or another, has been repeated in many other cases, and it clearly applies to the case at bar. This defense assumes, that, at the commencement of the action, the plaintiff had the title and the right of possession, but that his right has since terminated by his own act in conveying the land, and consequently the right of possession, to Bayerque. The defense itself arose since the institution of the suit. As it was not made to appear by the plaintiff, it was necessary for the defendant to show it affirmatively. Had the issue been made by the answer the burden of proof would have been on the defendant. Clearly, under our system, it is not admissible under the mere denials of the allegations in the complaint. Such is clearly the understanding of our former Chief Justice, Field, for in the case of *Hardy* v. *Johnson,* 1 Wal. 374, in the Supreme Court of the

United States—a case precisely similar in principle, which went up from the State of California—he so expressly held, all the Justices concurring. He says : " The complaint must allege the possession or seisin of the premises, or of some estate therein by the plaintiff, on some day to be stated, the subsequent entry of the defendant thereon, and his withholding the same from the plaintiff. A denial of its allegations puts in issue the title of the plaintiff at the date alleged, or at least his title at the commencement of the action. Any title acquired subsequent to the issue thus joined must be set up by a supplemental answer in the nature of a plea *puis durrein continuance.* No permission to file such supplemental answer was applied for, and there was no error in excluding the title subsequently acquired under the pleadings as they stood." About the same time this Court, also, without being aware of the decision last cited, decided the precise point in *McMinn* v. *O'Connor*, 27 Cal. 246, and this decision could not have been known to the Supreme Court of the United States when *Hardy* v. *Johnson* was decided. In *McMinn* v. *O'Connor et al.*, the defendant offered in evidence a tax deed to himself, including a part of the premises in question, executed after the commencement of the action. This deed, if otherwise valid, would, of course, have carried any title which the plaintiff might have had, and terminated his right to the possession of the portion of the land thus conveyed. An objection to its introduction was made and sustained on the ground, that it was irrelevant under the pleadings—that it was necessary for the defendant to set it up in a supplemental answer. The defendant, on appeal, as in this case, relied on the two hundred fifty-sixth section of the Practice Act. But this Court say : " The plaintiff's right to recover a specific portion of the property the defendants proposed to controvert by matters arising after the commencement of the action, and two months before the trial. The fact proposed to be proved by the tax deed was affirmative matter, and should have been set up by a supplemental answer, and then the plaintiff would

have been apprised of what he would, in such event, have been required to meet. Facts which occur subsequent to filing an answer, materially affecting the rights of the respective parties to the advantage of the defendant, and which, if in evidence, would necessarily change the result to the detriment of the plaintiff, should be embodied in a supplemental answer to authorize evidence of them without the plaintiff's consent. (*Van Maren* v. *Johnson*, 15 Cal. 311.) Whether the tax deed would have constituted evidence of a transfer of any portion of the premises to the grantee therein named, it is not necessary to decide in this case. It is enough that it was objected to at the threshold for the reason assigned. Its exclusion by the Court, which we hold to have been correct, also excludes the question as to its validity from consideration." (Page 274.)

This determines the precise question, for it makes no difference whether plaintiff parted with his title voluntarily or involuntarily. His right is as clearly terminated in the one case as in the other. Appellant's counsel say, the ruling was made since the trial of this case, and that it is opposed to the cases of *Moore* v. *Tice*, 22 Cal. 513, and *Tustin* v. *Faught*, 23 Cal. 237, and the bar had a right to rely on those cases. He is entirely mistaken in respect to the point of those decisions. No such question appears to have been raised on the pleadings, or discussed or decided by the Court. The only question decided, was, as to whether a defendant could avail himself of a title which he had acquired pending the suit to defeat the action, and not in what manner he must proceed in order to make his new defense available. There was nothing said by the Court on the latter point, while the principle had long before been settled that, under our system of practice, all new matter must be pleaded. The rule was the same in actions of ejectment under the old system. (*Jackson* v. *Rich*, 7 John. 194; *Jackson* v. *Dumont*, 9 John. 60; *Jackson* v. *McConnell*, 11 John. 424; *Jackson* v. *Ramsay*, 3 Cow. 75–79.) Upon principle and authority, then, under our practice, the deed from Moss to Bayerque was irrelevant to the issues, and

improperly admitted.  But having been admitted, under the proper objection taken at the proper time, it was still irrelevant, and did not tend to prove any material issue, and the Court did not err in not finding the facts which it tended to prove; for the fact, if found, under the circumstances could not have affected the result.  If the defendant desired to avail himself of the conveyance, he should have set it up in a supplemental answer.  Upon the pleadings, findings and the evidence material, or relevant to the issues, with respect to the point under discussion, the judgment is correct.

As to this branch of the case, we might stop here; but another point made upon proceedings induced by the error in admitting the deed from Moss to Bayerque, is earnestly pressed, and seems to be confidently relied on by appellant; and, as it may be one of great practical importance, and has been fully argued, it will be considered now.  Our statute permits the owner of land to convey it when it is in the adverse possession of another, " with the same effect as if he was in the actual possession thereof."  (Act concerning conveyances, Sec. 34.)  This is an innovation upon the law as it has heretofore prevailed in England, and in most, if not all, of the older States.

### Continuing an action of ejectment in name of plaintiff.

Section two hundred fifty-six of the Practice Act provides, that, " in an action for the recovery of real property, where the plaintiff shows a right to recover at the time the action was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment shall be according to the fact; and the plaintiff may recover damages for withholding the property."  We are not aware that this section introduces any new principle into the practice in actions for the recovery of real property.

Section sixteen provides that: " An action shall not abate by the death or other disability of a party; or by the transfer of any interest therein, if the cause of action survive or continue.  In case of the death or other disability of a party, the

Court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action may be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action." This section, taken in connection with section four, requiring every action to be prosecuted in the name of the real party in interest, except as otherwise provided in the Act; and section thirty-four of the Act concerning conveyances, is, to some extent, an innovation upon the practice as it existed at common law, and the provisions are of a remedial character. The defendant insists that, by the conveyance to Bayerque, plaintiff's "right has terminated during the pendency of the action," within the meaning of section two hundred fifty-six, and that, when this is made properly to appear, a judgment can only be entered for the damages and rents and profits which accrued before the conveyance, and the costs of suit; while plaintiff's counsel insists that sections sixteen and two hundred fifty-six must be construed together, and that the plaintiff's right has not been terminated, but has only been transferred, and that the suit to enforce it may be continued in the name of the original party. The question is, does the right of recovery terminate, within the meaning of section two hundred fifty-six; or is the right or interest transferred, within the meaning of section sixteen? We think the latter is the true construction. There are two causes of action united in one suit. There is title to the land in the plaintiff, a right of immediate possession withheld, and, consequently, a right to recover the premises. An action is brought to recover the possession by the party thus entitled. As an incident to the right of possession there is, also, a right to recover damages and mesne profits, and a claim for their recovery is united with the claim for possession, in pursuance of section sixty-four of the Practice Act. Pending the action, the plaintiff conveys the land, without any reservation or exception, and such conveyance of the land carries with it— transfers to the vendee—as a necessary and inseparable inci-

dent, the right to the possession—the interest sought to be established, and the thing sought to be recovered in one of the branches of the action. The right of possession transferred, is the same identical right of possession, which the plaintiff before had, but which by the conveyance of the land is now transferred to, and vested in, the vendee. The right is not terminated, but still exists in the vendee by virtue of the transfer, and the suit to enforce it until the vendee is substituted for the original plaintiff is no longer in the name of the real party in interest. But it is one of the cases provided for in the Act referred to, in the exception specified in section four. The cause of action, as to one branch, is the right of possession withheld; and the transfer of the right of possession, transfers the whole subject matter of that cause of action, and the entire interest in it, so far as it relates to that branch of the case. Suppose a suit should be commenced on a promissory note, or any other contract for the payment of money, and the plaintiff should assign the note or contract pending the action; or suppose an action was pending upon any cause of action which could be the subject of an assignment, and pending the action, the plaintiff should assign the entire cause of action, would it be pretended that he did not assign an interest in the action within the meaning of the provisions of section sixteen? We think no such pretense would be set up, and we can perceive no difference in principle between the cases supposed and the one in hand. There is ample room for the operation of section two hundred fifty-six, notwithstanding our construction of the several statutory provisions under consideration. As for instance, the party ousted has an estate for years, or the life of another, and the estate of the plaintiff is terminated by lapse of time or death, pending an action to recover possession. In such case the right itself has terminated and no longer exists. It has not been transferred. It does not and cannot exist in another, for it has absolutely ceased to exist. Somebody else may have a right of possession, but it is upon another and different title, and not the identical right of possession transferred to another

party. So also the defendant might acquire the plaintiff's title *pendente lite.* This would be the same right, to be sure, but it now subsists in the hands of the defendant himself, the party for whose benefit the recovery would be had, and there would be no propriety in entering a judgment against him for his own benefit. He is now in possession, and is entitled to it; and being so possessed and entitled to the possession, his possession cannot be disturbed. But the case is entirely different where a subsisting right of possession is transferred to a third party pending an action for its recovery. In such case, the same right of possession still subsists, but in a different person. The vendor may be unwilling that the action should be further prosecuted in his name, or the vendee may be unwilling that it should be so prosecuted, or both may be willing to carry the suit to its termination in the name of the original parties; and the statute authorizes a substitution in a proper case, or if no change is required, or the circumstances are such as to render a substitution improper notwithstanding the transfer, permits it to proceed in the name of the original party. Obviously, it is not a matter of the slightest consequence to the defendant whether the recovery is had in the name of the original plaintiff, or his vendee. The vendee purchases pending the action, and if he permits the action to proceed in the name of the vendor, whether he takes the proper measures to secure so much of the results of the litigation as he may be entitled to claim or not, the judgment for mesne profits would, doubtless, protect the defendant from another action. Or if a subsequent separate action should be brought by the original plaintiff for the mesne profits, the defendant could set up the transfer pending the action to recover the land, and protect himself from a recovery by him of the mesne profits which accrued subsequent to the conveyance.

The views already expressed, of course, dispose of the question raised upon the refusal of the Court to permit the defendant to set up the Statute of Limitations as to Bayerque.

*Description of property in complaint in ejectment.*

Only one other point requires notice, and that is, as to the sufficiency of the description in the complaint.   We cannot see from an examination of the complaint alone, that there is any defect in the description, and no objection was raised upon the pleadings unconnected with the evidence.   If the description cannot upon any recognized principles be made to inclose any land, that fact was only developed by the evidence, in an attempt to apply the description to the land.   The course and distance of the first and third lines are indefinite and inaccurate, considered by themselves.   One of the surveyors testified, that, by taking the known monuments, and the other courses and distances, and applying principles well established and recognized by surveyors, there would be no difficulty in making the lines close in such a manner as to include the tract of land recovered.   The other surveyor said, generally, that they could not be made to close; but upon a more thorough and circumstantial examination, his testimony, in most of the essential particulars, appears to us clearly to corroborate the testimony of the first surveyor examined, and the Judge below, upon the testimony, found, that taking all the calls, they could be located so as to inclose the land recovered.   We have examined the testimony carefully, and conceding the second call, "a high rock and stones on a low hill," to have been correctly identified, we can see no reason, upon principles well established in surveying and in the law, why the lines could not all be located. The difficulties arise out of the first and third lines.   The starting point is fixed beyond dispute.   The first course is "thence in a southeasterly direction forty chains, more or less." Of course, both course and distance are indefinite, for "southeasterly" may be any course between south and east, and there may be "more or less" than forty chains.   If a fixed monument had been designated the rule would be to run to it, whether the distance was more or less than the number of chains stated, or whether the course to the monument varied either one way or the other from due southeast.   There being

no monument named at the termination of this call, if there were no other call to aid it, undoubtedly the surveyor would run due southeast forty chains and stop. But there were other calls, and running due southeast forty chains the course and distance could neither be made to harmonize with the other calls, if properly identified, or inclose any land at all. The second call was "thence north 71° 15', east twenty-seven chains to a high rock and stones on a low hill." Now here was an exact course and distance and a fixed physical call. One of the surveyors said that, by finding the rock and stones designated and running back south 71° 15', west twenty-seven chains, would give the exact terminus of the first line which should be run thence to the point of beginning, and that surveyors would so find the true line from the description. The third line as designated run "thence in a northeasterly direction sixty-six chains to the road leading," etc. This is also indefinite as to course, and if the line were run due northeast the given distance the call would not harmonize with the other calls, or inclose any land, but it is apparent from the testimony of the surveyor, that upon principles similar to those already indicated, the line can be so run to the road as a fixed monument, and with reference to the other calls, as to harmonize with the other lines and inclose the land. Upon the testimony the District Judge found that the land could be located, and conceding the "high rock and stones on a low hill" to have been sufficiently identified, we can see no objection to the application of the principle adopted. Upon the question of identification of the second call the Judge was satisfied, and we should not be justified upon the evidence as disclosed by the record in saying that he erred on this point, conceding it to be sufficiently specified. Much of the evidence has reference to localities pointed out on the map by the witnesses, and the record fails to present much of this kind of evidence in such a form as to be intelligible to us. There is manifestly, from the evidence, a particular "high rock and stones on a low hill," which varies very little from sixty-six chains distant from a point on the Hunter's Point road, corresponding with the

other calls, but the point, though northeasterly, is not due northeast. But "northeasterly" does not always necessarily mean due northeast. The term, as we have seen, must be considered in connection with the other calls. The Judge was satisfied that this was the monument called for, and, as before remarked, we should not be justified upon the evidence in saying that he erred.

The judgment and the order denying a new trial must be affirmed, and it is so ordered.

Mr. Justice SHAFTER, being interested in one of the questions presented, did not participate in the hearing, nor in the decision of this action.