22    513
114    361

## MOORE *v.* TICE *et al.*

IN ejectment it is not necessary to a recovery by defendant that he show any title
in himself.   He may (except in the case of public lands where the rule is
qualified) defeat the action by showing title and right of possession in a third
person.

Under our Practice Act, if it appear that the plaintiff in ejectment had a right to
recover at the commencement of the suit, but that his right has terminated
during its pendency, he cannot recover the possession but only his damages.

A deed executed to the defendant in ejectment after the commencement of the
action is admissible evidence for him.

Where the statement on appeal does not purport to contain all the evidence, the
Appellate Court will not consider an objection that the verdict is not sustained
by the evidence.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion of the Court.

*Waller & Moore,* for Appellant.

I.   The verdict is clearly against the evidence, and in such case
a new trial will be awarded. (*People* v. *Martin,* 2 Cal. 484; *Bag-
ley* v. *Eaton,* 8 Id. 164; *Potter* v. *Carney,* Id. 574, and the
authorities cited in those decisions.)

II.   The first and third deeds were executed since the com-
mencement of this action.   It needs no argument to prove that as
plaintiff can only claim under such title as he held at the com-

mencement of the suit defendants can only set up a defense existing at the same date, and most especially if no later special defense is set up.    (4 Cal. 70 ; Id. 279 ; 13 Id. 595 ; 16 Id. 89–92.)

III.    Defendants cannot introduce outstanding titles of any kind under the answer.    These titles were not set up as outstanding in the answer, nor are they set up in any way.

*Porter & Sawyer,* for Respondents.

I.    The question whether the leases embraced the land in controversy was submitted to the jury, and even if there is some conflict of testimony this Court will not look into the evidence to decide questions of fact.    (*White* v. *Todd's V. W. Co.,* 8 Cal. 444; *Weddle* v. *Stark,* 10 Id. 303 ; *Vischer* v. *Webster,* 13 Id. 60 ; *Sterns* v. *Irwin,* 15 Id. 504.)

The record does not purport to set out all the testimony, and only contains a meager statement, and this Court will not determine whether the verdict was contrary to the evidence or not.    (*Samuels* v. *Gorham,* 5 Cal. 227 ; *Ford* v. *Holton,* Id. 327.)

II.    The defendant being in possession of the premises in dispute, *prima facie* he is the owner ; and the deeds introduced on his part were merely cumulative evidence of his title and could not have affected the result of the action.    A conveyance to defendant may be read in evidence though executed since issue joined. (*Carter's Lessees* v. *Parrott,* 1 Tenn. 237 ; Adams on Ejectment, 380.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a tract of land in the City and County of San Francisco.    The complaint avers that on the twenty-first day of March, 1860, the plaintiffs were the owners in fee simple and in possession of the premises described, and on the same day defendants wrongfully entered and ejected them therefrom, and ever since have detained the premises from them. One of the defendants, Henry J. Tice, answers, denying all the allegations of the complaint, averring that he is the owner as tenant in common with other parties.    Henry M. Tice, by his answer,

denies the allegations of the complaint, and avers that he is the owner in fee simple of a portion of the tract, describing it, and disclaims all interest in the remainder. The jury found for the defendants, and a judgment was rendered accordingly. The plaintiffs moved for a new trial, which was denied, and they appeal to this Court.

The plaintiffs offered evidence tending to prove that Tice & Brother leased the premises in 1854, and also in 1856, of one Stuart, who, it is claimed, was a tenant in common with the plaintiffs at that time. It is insisted that this lease estops the defendants from denying the title of the plaintiffs. The complaint in this case charges the defendants not as tenants holding over after the expiration of a lease, but as trespassers entering without right; and it may well be questioned whether so great a departure in the proof from the allegations of the complaint is admissible. The allegations and proof should always correspond. The defendants, however, insist that these leases do not include the premises in controversy; and that seems to have been one of the questions passed upon by the jury. We are not disposed to disturb the verdict upon this point, for the evidence relating to it is very imperfectly set forth in the statement.

On the trial the defendants introduced several deeds, some of which bore date since the commencement of the action, and, among other grounds, the plaintiffs objected to their admission for that reason. The principle is well established that the plaintiff, in actions of this kind, when no tenancy exists, must recover on the strength of his own title, and he must show a clear and substantial title to the premises in question, or right of possession, to maintain the action. The defendant may confine himself to simply rebutting the evidence of the plaintiff. He need not show that he has any title whatever. It is sufficient if he makes it appear that the plaintiff has no title or interest entitling him to the possession at the time of the trial. He may show this by proving that the title and right of possession is in some third person, except in the case of public lands, in which case this rule is qualified. (Adams on Ejectment, 337–380, and notes; *Coryell* v. *Cain*, 16 Cal. 572.) The plaintiff must show a title or right of possession existing at the

time of the commencement of the suit. (*Yount* v. *Howell*, 14 Cal. 465 ; *Stark* v. *Barrett*, 15 Id. 361.) But no necessity exists on the part of the defendant to show a title or right of possession existing in him at the time. He has a clear right to show by any proper evidence that at the time of the trial he has the title or right of possession, and this is sufficient to defeat the plaintiff's action. And if it appears that the plaintiff had a right to recover at the commencement of the suit, but that his right has terminated during its pendency, he cannot recover the possession, though he may recover damages for withholding the property. (Practice Act, Sec. 256.) The mere fact, therefore, that the deeds were dated since the commencement of the action was no valid objection to their admission. (*Carter's Lessee* v. *Parrott*, 1 Overton, Tenn., 237.)

It is also objected that the verdict is contrary to the evidence. The evidence set forth in the statement is very meager, and evidently very imperfect. It does not purport to contain all the testimony, and in such cases it is impossible for us to determine whether the verdict is sustained by the evidence or not. We cannot therefore disturb it.

Judgment affirmed.