Points decided.

[No. 2,460.]

ELEANORA O. SALMON, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF FRANCIS SALMON, DECEASED, v. ALLEN T. WILSON, ISAAC R. JEWELL, ET ALS.

DEMURRER FOR AMBIGUITY.—A demurrer, on the ground of ambiguity, should be overruled, if enough appears to render the pleading demurred to easy of comprehension and free from reasonable doubt.

EJECTMENT BY EXECUTOR—ALLEGATION OF TITLE IN TESTATOR.—A complaint in ejectment by an executor is not necessarily defective because it fails to allege any title in the testator, as neither the legal title nor the right of possession may have been in him at his death, and yet both may have been afterwards acquired by the executor as such.

EJECTMENT BY EXECUTOR—ALLEGATION OF SEIZIN.—Where a complaint in ejectment by an executrix, after setting forth the will, its probate, and the issuance of letters, averred that by virtue thereof she, as executrix, possessed herself of the real estate of the testator, and that she ever since has been and is the owner, seized in fee, of an estate of inheritance therein, both as such executrix and as heir at law, and is entitled to the possession thereof: held, a sufficient averment of seizin and right of possession in her capacity of executrix.

DEED EXPRESSING MONEY CONSIDERATION, WHEN HELD GIFT.—In determining the character of a deed, claimed and purporting to be a gift, but also expressing a money consideration, resort must be had to the instrument itself; but if it can be ascertained from its face, interpreted in the light of surrounding facts, that it was intended to be a gift, it will be so held, without the need of proof aliunde on that point.

DEED OF GIFT, NOTWITHSTANDING MONEY CONSIDERATION.—Where Bartolome Bojorques conveyed to his eight children eight ninths undivided of a valuable six-league ranch, in consideration of love and affection, "and in the further consideration of four hundred and sixty-one dollars to him in hand paid by said parties of the second part:" held, that enough appeared on the face of the deed itself, in view of the value of the property conveyed in comparison with the paltry sum named, and in view of the condition of the parties, their relations, and the surrounding circumstances, to show the transaction a donation, and not a sale.

DEED OF GIFT "SUBJECT TO A MORTGAGE."—Where a deed of gift contained a provision that it was made "subject, however, to the payments, conditions, and agreements specified and contained in a certain indenture of mortgage:" held, that by accepting the deed the grantees did not become personally liable for, or assume the payment of, the mortgage debt, and that the transaction was not thereby rendered a sale.

CONSTRUCTION OF DEEDS AGAINST THE GRANTOR.—Deeds are construed most strongly against the grantor.

Tustin vs. Faught, 23 Cal. 241, in so far as it holds the deed of Bartolome Bojorques to his children of eight ninths of the Rancho Laguna de San Antonio to be a deed of bargain and sale, and not a deed of gift, overruled.

Acknowledgment by Wife, where Husband Non-Resident.—Where the certificate of acknowledgment to a deed of separate property by a married woman, made under the Act of February 14th, 1855 (Stats. 1855, p. 12), was dated February 26th, 1859, and set forth that she acknowledged on February 22d, 1859, and that her husband "does not now reside, and for one year next preceding February 22d, 1859, has not resided within the State of California:" *held*, that an objection to the certificate, on the ground of not stating that the husband was not a resident on the day of acknowledgment, was hypercritical and untenable.

Deed by Wife of Non-Resident—Certificate dated after Acknowledgment.—The statute relating to conveyances, by wives of non-residents, of their separate estate (Stats. 1855, p. 12), contemplates that some time may elapse, after the acknowledgment, and before the certificate, in order to make the necessary proofs as to the non-residence of the husband; but the certificate, when made, is the termination of a continuous transaction, and speaks as of the day of acknowledgment.

Deed of Undivided Interests, with Special Reservation—Vesting of Title.—Where a father made a deed of gift to his eight children of eight ninths undivided of a large grant, reserving one ninth to himself, " to be laid out on that part of said rancho on which I now reside:" *held*, that the actual location of the reserved ninth was not a condition precedent to the vesting of the title to their undivided portions in the children.

Ejectment—Proof of Ouster.—Where, in ejectment, the answer put in issue the plaintiff's title and right of possession, while it was not denied that defendant was in exclusive possession, holding for himself alone: *held*, that this was sufficient proof of ouster.

Appeal from the District Court of the Seventh Judicial District, County of Sonoma.

This was an action of ejectment, brought against all the occupants (over a hundred in number) of the Rancho Laguna de San Antonio, in Sonoma and Marin Counties. Isaac R. Jewell, one of the defendants, answered separately; and the case, so far as he was concerned, was tried, and judgment obtained against him in March, 1870. He afterwards made a motion for a new trial, which being overruled, he took this appeal from the order as well as from the judgment.

The complaint, after giving the title of the Court and names of parties, commences with the declaration that "The said plaintiff in this action as well on her own account as on the account of the other heirs and devisees of Francis Salmon, deceased, complains of the above named defendants." It then alleges in the usual form the death of the testator, the leaving of a will, which is set forth in full, its proper probate and issuance of letters testamentary to the plaintiff, and her qualification; and then follows the allegation that she, "by virtue thereof, possessed herself of the real estate of said testator," etc., as given in the opinion. It also alleges ouster by the defendants, describes the land, and prays judgment of restitution, etc. To this complaint defendant Jewell, previous to putting in his answer, interposed a demurrer on the grounds that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous and uncertain in not plainly setting out the party or parties plaintiff specifically, and in not specifically or in any manner describing the interests which plaintiff had in the land. The demurrer was overruled.

*F. D. Colton*, for Appellant.

1. The complaint is insufficient, because it nowhere alleges that Francis Salmon, the testator, was in his lifetime the owner of the land. The allegation that plaintiff "thereupon, by virtue thereof, possessed herself of the real estate of said testator hereinafter described," is not an allegation that Francis Salmon ever owned the land, or that it belonged to the estate. It is simply a recital to the effect that she possessed herself of the land, as being land of the estate. But this is no allegation of title in any one. A title in her, as executrix, is not set out at all; and no facts are shown to entitle her to recover as such. The allegation that she is seized in fee of an estate of inheritance, as executrix, is an impossible allegation, because an executrix, as such, cannot

have an estate of inheritance; she simply has a right of possession, founded upon the title of the testator.

Again, the complaint is ambiguous. It appears that the plaintiff complains as well on her own account as on account of the other heirs and devisees of Francis Salmon, deceased, and she alleges that she is seized of an estate of inheritance both as executrix and as heir at law of said testator. We contend that the parties plaintiff are not definitely set out, nor is the title relied on sufficiently alleged.

2. If the deed from Theodosia Bojorques Prudon to Salmon, Bliss, and Touchard was not properly acknowledged and certified in accordance with the statute (1 Hittell, 597) it was not executed, and is inoperative. (*Ewald* v. *Corbett*, 32 Cal. 497.) It is one of the express conditions of the statute that the husband shall not reside in the State on the day of acknowledgment; but this nowhere appears from the certificate. If it is sufficient that the husband was not a resident on the twenty-sixth of February, then it is sufficient if he was not a resident on the first of June following. If the Judge can delay making his certificate for four days, and then certify that on that day he was not a resident, then he can delay for four months, and then certify that on the day of making the certificate four months subsequent to the day of acknowledgment he was not a resident. For all that appears, the husband may have been present at the time the acknowledgment was taken. He may have been residing in the State, and in the Town of Santa Rosa, on the twenty-second, twenty-third, twenty-fourth, and twenty-fifth of the month; and from the certificate it would be inferred that for those four days he was residing in the State.

3. The deed from Bartolome Bojorques to his children is a deed of bargain and sale, and not a gift. The words of conveyance are, "give, grant, bargain, and sell," all showing upon the face of the deed that it was not a gift. It is not like the deed in *Peck* v. *Vandenberg*, 30 Cal. 13. In that case

the grantees, as appeared from the deed, were the owners of the equitable title to the land, and the grantor simply vested them with the legal title thereto. She states this to be the object of the deed. Her intent to give appears plainly and unequivocally from the deed itself. Not so with the deed in this case. Here the grantor provides carefully for his money and for the payment of his mortgage. This same deed has been before this Court, in *Tustin* v. *Faught*, 23 Cal. 241, and it was there held that upon its face it was a deed of bargain and sale, and not a deed of gift.

4. Parol evidence is not admissible to vary or modify the conveying elements in a deed, except for the purpose of reforming it on account of fraud. (*McCrea* v. *Piermont*, 16 Wend. 465; *Westbrook* v. *Harbison*, 2 McCord Ch. 112; *Ryan* v. *Goodwin*, McMullen Eq. 451; *Gullett and Wife* v. *Lamberton*, 1 English, Ark., 109; *Sewell* v. *Baxter and Wife*, 2 Maryland Ch. Dec. 454, and cases cited; *Natley Young's Estate*, 3 Maryland Ch. Dec. 467; *Crawford* v. *Spencer*, 8 Cush. 418; *Logan* v. *Bond*, 13 Ga. 197; *Cook* v. *Whiting*, 16 Ill. 483; *Attorney General* v. *Clapham*, 31 English L. & Eq. 163.)

5. By the terms of the conveyance the land conveyed was made subject to the payment of the mortgage, according to the conditions and agreements specified therein. This mortgage was for four hundred and fifty dollars, with interest at the rate of ten per cent per month, compounded monthly. The payment of this mortgage might well be a strong inducement for the grantor to make the deed. By the terms of the deed, the grantees were bound to pay this mortgage. Such was the evident intention; and they received it with that understanding, and were bound to fulfill all obligations specified in it. (*Minor* v. *Terry*, 6 How. Pr. 208; *Ferris* v. *Crawford*, 2 Denio, 595; *Jumel* v. *Jumel*, 7 Paige Ch. 594; *Belmont* v. *Cowan*, 22 N. Y. 439; *Maynard* v. *Maynard*, 4 Edwards Ch. 716; *Notter* v. *Hughes*, 2 Kernan, 78; *Lewis* v. *Covillaud*, 21 Cal. 178.) And it makes no difference that the

grantee was a *feme covert.* (*Cross* v. *Carson,* 8 Blackford, 138; *Barker* v. *Cobb,* 36 N. H. 344; *Garnett* v. *Scouten,* 3 Denio, 334.)

6. No ouster has been shown. Admitting the plaintiff's title, she has made out no case. If she has title, she is merely a tenant in common; and no refusal of joint occupation has been shown.

*George Pearce,* for Respondent.

1. Though the plaintiff alleged a fee simple, she was not bound to prove it, but might recover on proof of prior possession. (*Morton* v. *Folger,* 15 Cal. 275; *Stark* v. *Barrett,* 15 Cal. 361.)

2. The deed of Bartolome Bojorques to his children constituted a gift. (*Gale* v. *Colburn,* 18 Pick. 297; *Brewer* v. *Harely,* 22 Pick. 370; *Bryan* v. *Bradley,* 16 Conn. 474; *Peck* v. *Vandenberg,* 30 Cal. 11.) If it did not on its face, parol evidence was admissible to show the real consideration. (1 Greenl. Ev., Sec. 26, Note 1; *Wilkinson* v. *Scott,* 17 Mass. 257; *Fairly* v. *Fairly,* 34 Miss. 18; 2 Wash. on Real Prop. 655, 656, and cases cited; *Barker* v. *Koneman,* 13. Cal. 9; *Cole* v. *Saulsby,* 21 Cal. 47; *Bennett* v. *Solomon,* 6 Cal. 134; *McCrea* v. *Piermont,* 16 Wend. 460; *Bullard* v. *Briggs,* 7 Pick. 537; *Wallace* v. *Wallace,* 4 Mass. 135; *Peck* v. *Vandenburg,* 30 Cal. 11.)

3. When the different parts of a deed are inconsistent with each other, effect must be given to that part which is calculated to carry into effect the real intention, and that part which would defeat it must be rejected. (Chitty on Cont. 94; *Walker* v. *Giles,* E. C. B. 662–702; Shep. Touch. 88; 1 Steph. Com. 464; *Furnival* v. *Coombes,* 5 M. & G. 736.)

4. The words used in the deed of Bartolome to his children in reference to his own share, do not constitute a reservation in the sense attempted to be put upon it (Bouv. L.

Dict., Title, Reservation; 2 Wash. on R. P. 686, 687, 692); nor an exception (2 Wash. on R. P. 686; 38 N. H. 212; *Hurd* v. *Curtis,* 7 Met. 110; *Peltea* v. *Harris,* 13 Pick. 323); nor a condition (6 Petersdorff's Abr., Title, Condition, 35.) The deed passed an estate *in presenti,* and created a tenancy in common of the whole tract. (*Lawrence* v. *Ballou,* 37 Cal. 518; *Schenck* v. *Encey,* 24 Cal. 110; *Lick* v. *O'Donnell,* 3 Cal. 59; *Gibbs* v. *Swift,* 12 Cush. 393; *Shrafe* v. *Wait,* 30 Ver. 738; *Jackson* v. *Livingston,* 7 Wend. 136; *Corbin* v. *Jackson,* 14 Wend. 619; *Long Island R. R. Co.* v. *Conklin,* 29 N. Y. 572.)

5. It is objected that it nowhere appears that the husband of Theodosia did not reside in the State on the day of the acknowledgement to her deed. What is the day of acknowledgment? Clearly, the twenty-second day of February; and the certificate shows that the husband did not on that day reside in, and had not for one year next preceding that day resided in, the State. The act of certifying an acknowledgment must follow the taking of the acknowledgment; and in such a case as this a reasonable time will be allowed until the testimony, provided for in the statute, is taken. The words used in the certificate—whenever that may be made— all refer to the day of acknowledgment; and the words " does not now," etc., used in the certificate here are used in connection with, and in reference to, the word "acknowledged," and are qualified thereby and by intendment of the statute, they being part only of an entire certificate of acknowledgment, made on the twenty-second of February.

6. No question arises in an action of ejectment about an ouster in a case when the defendant denies the plaintiff's title. (2 Greenl. Ev., Sec. 318; *Siglar* v. *Van Kissar,* 10 Wend. 414; *Carpentier* v. *Gardner,* 29 Cal. 163; *Owen* v. *Morton,* 24 Cal. 373; *Marshall* v. *Shafter,* 32 Cal. 194.)

By the Court, CROCKETT, J.:

The demurrer to the complaint, on the ground that it is ambiguous, and does not state facts sufficient to constitute a cause of action, was properly overruled. The facts on which the plaintiff relies might, perhaps, have been stated with more perspicuity; but enough appears in the complaint to render it easy of comprehension and free from reasonable doubt, which is all that is necessary.

Under the second ground of demurrer, it is objected that if the plaintiff can recover at all, it can only be in her capacity of executrix, and not in her own right, and that the complaint fails to allege any title in her testator to the demanded premises. If this be conceded, the complaint is not necessarily defective. Neither the legal title nor the right of possession may have been in the testator at the time of his death, and yet both may have been since acquired by the plaintiff, in her capacity of executrix, prior to the commencement of the action. After setting forth the will, and alleging that it was duly probated and that letters testamentary were issued to the plaintiff, the complaint avers that " by virtue thereof (she) possessed herself of the real estate of said testator hereinafter described, and ever since then has been, and now is, the owner seized in fee simple of an estate of inheritance of, in, and to all of said land, both as such executrix and as heir at law of said testator, and is now entitled to the possession thereof." This is a sufficient averment of seizin and a right of possession in the plaintiff in her capacity of executrix.

The plaintiff and defendants claim title to the premises in controversy under one Bartolome Bojorques, who, in November, 1851, conveyed to his eight children, as tenants in common, eight ninths, undivided, of the " Rancho Laguna de San Antonio," reserving the remaining one ninth to himself, " to be laid out on that part of said rancho on which I now

reside." The deed recites that it was made "for and in consideration of the natural love and affection of the said party of the first part to his children, the said parties of the second part, and in the further consideration of the sum of four hundred and sixty-one dollars, to him in, hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged." In a subsequent portion of the deed, it is provided that the conveyance is made, "subject, however, to the payments, conditions, and agreements specified and contained in a certain indenture of mortgage" made by said Bartolome Bojorques to one Short, to secure the payment of four hundred and fifty dollars, with interest at the rate of ten per cent per month, on which mortgage there was then due four hundred and fifty dollars, and interest from the eighth day of March preceding. The mortgage included the whole rancho, which contained six square leagues. One of the children named as a grantee in the deed was Theodosia, then the wife of Victor Prudon, from whom, however, she had been separated for some years next prior to the date of the deed, in which she is described by her maiden name, "Theodosia Bojorques," and in which there is no reference to her husband. The plaintiff deraigns title under Theodosia, through a deed made by her, in which her husband did not unite, he being then, and for more than a year next preceding the execution of the deed, a non-resident of this State, as the plaintiff alleges. The defendants deraign title under certain other of the children named as grantees in the deed of November, 1851; and there has been no partition of the rancho between the several tenants in common, though an action is pending for that purpose.

At the trial, the plaintiff put in evidence the deed from Bartolome to his children, and offered to prove by parol that it was intended as a deed of gift, and not as a deed of bargain and sale, and that no valuable consideration whatever was paid or agreed to be paid by the grantees. The defend-

ants objected to this proof as incompetent, but the Court admitted it, and the defendants excepted. The plaintiff then offered in evidence the deed from Theodosia, to which the defendants objected, on the ground that it was not acknowledged and certified in the form required by law to enable a married woman to convey her separate estate without uniting her husband in the deed; but the Court admitted the deed, and the defendants excepted. These rulings are claimed by the defendants to have been erroneous, and constitute the chief grounds of error relied upon on this appeal.

It becomes material, it is said, to determine whether the deed from Bojorques to his children was a deed of gift, or of bargain and sale, for the reason that in the former case the estate conveyed to Theodosia became her separate property and might be alienated by her without joining her husband in the deed, under the circumstances alleged to exist in this case; whereas, if the conveyance from her father was a deed of bargain and sale, made upon a valuable consideration, it is claimed that the estate conveyed became community property, and could not be transferred by her separate deed. In determining the character of the deed, resort must, of course, be had to the instrument itself; and if it can be ascertained from the face of it, interpreted in the light of the surrounding facts, that it was intended to be, in fact, a deed of gift, and that the transaction between Bojorques and his children was a donation, and not a sale, there will be no necessity for the inquiry whether parol evidence was admissible to prove it to be a gift. If the deed itself, viewed in the light of the circumstances under which it was made, establishes the gift, there was no need of proof *aliunde* on that point.

In *Peck* v. *Vandenberg*, 30 Cal. 11, this Court had occasion to consider a deed very similar to that now under discussion. In that case a mother conveyed to her eight children eight ninths of two large tracts of land, reserving one ninth to

herself, and the deed recited that it was made "in consideration of the natural love and affection which I have and bear to my said children, and for the further sum of five dollars, to me in hand paid before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged." The only appreciable difference between the recital of the consideration in that deed and in this is, that in the former the money consideration is stated at five dollars, and in the latter at four hundred and sixty-one dollars. In that case the record did not disclose the quantity of land conveyed; but in this case the quantity conveyed to the children was eight ninths of a tract of six square leagues, containing about twenty-five thousand acres, of which more than twenty-one thousand acres was conveyed to the children. In the former case the Court held that the consideration of five dollars, recited in the deed, was merely nominal, and was probably inserted by the scrivener under the belief that some such recital was essential to the validity of the conveyance; and the deed was, therefore, held to be a deed of gift on its face.

I think it is apparent in this case, as in that, on the face of the deed itself, construed in connection with the surrounding facts, that the money consideration named in the instrument was merely nominal, and that the transaction was, in fact, a donation, and not a sale. Here was an old man with a family of eight children, most of whom were married and living apart from him, and who was the owner of about twenty-five thousand acres of land situate in one of the most fertile portions of the State. He conveys to all his children eight ninths of this large estate in equal portions, reserving to himself only one ninth, including his homestead, and recites on the face of the deed that it is made "for and in consideration of the natural love and affection of the said party of the first part to his children, the parties of the second part;" and then adds, as a further consideration, the

paltry sum of four hundred and sixty-one dollars, which is recited to have been paid to him by the children, equal to about fifty-eight dollars for each child; and each of whom was receiving, under the conveyance, about two thousand seven hundred acres of valuable land. If the recital of this paltry money consideration, so insignificant as compared with the value of the estate, is to convert the transaction into one of bargain and sale, no reason is perceived why the same result would not have ensued if the sum named had been one dollar or one cent for each of the children, instead of fifty-eight dollars. The disproportion between the price named and the value of the estate would only have been a trifle greater in the one case than in the other; but in either case is so enormously large as clearly to indicate that the money consideration did not, in fact, enter into the transaction as one of its material elements. It was clearly the intention of Bojorques to donate this large and valuable estate to his children in equal portions, and not to sell it to them. Hence we find the conveyance to his married daughters is made to them in their own names, excluding their husbands; and in the case of Theodosia, she is named by her maiden name, and her husband is not referred to. The parties to the deed must be presumed to have known that under the law, as it then was and now is, all property acquired by the wife during the marriage, by gift, bequest, devise, or descent, became her separate estate, and that all acquired otherwise became the common property of the husband and wife, and was subject to disposition by the husband without the consent of the wife. It is clear that Bojorques, in conveying this valuable property to his married daughters, had no intention to convey it, practically, to their husbands; and particularly in the case of Theodosia, who had been, for some years, living apart from her husband. But if we should hold that the insertion in the deed of an inconsiderable money consideration by the scrivener who drew it up

had the effect to convert the transaction into one of sale, I am convinced we would give an effect to this deed which never entered into the minds of the parties to it at the time it was made. When Bojorques conveyed to Theodosia her portion of the land, he little dreamed that he was virtually conveying it to her husband, Prudon, from whom she had been separated for six years. Our statute, which provides that all property acquired by the wife during the marriage, otherwise than by gift, bequest, devise, or descent, shall be common property, and subject to disposition by the husband, could not have been intended to work so flagrant a wrong as would result in this case were we to hold that the deed from Bojorques to his married daughters was in fact, and was intended to be a deed of bargain and sale, and not of gift. But enough appears on the face of the conveyance, when construed in connection with the condition of the parties, their relations to each other, and other circumstances, to render it apparent that the transaction was in fact a donation, and not a sale, in the true sense of the statute defining the rights of husband and wife; and this, too, without the aid of parol evidence to show the actual intention of the parties and the precise facts of the transaction. Some stress, however, is laid upon that clause of the deed which recites that the conveyance is made subject to the "payments, conditions, and agreements" contained in the mortgage to Short; and counsel insists that in accepting the deed the grantees became personably liable for, and assumed the payment of the mortgage debt, and that this rendered the transaction a sale, and not a gift. The mortgage to Short is not before us, and we are ignorant of its contents, except that it included the whole rancho, and was made to secure the payment of four hundred and fifty dollars, with interest at ten per cent per month from March 8th, 1851. This recital is but a declaration of the grantor that the whole tract was then subject to the mortgage to Short; and such recitals are usually inserted

in deeds conveying mortgaged premises, in order to rebut a presumption that the existence of the mortgage had been concealed from the grantee. But a recital of this character imposes no obligation on the grantee to pay the mortgage debt unless there be some other clause in the deed indicating that such was the understanding and agreement of the parties. Deeds are construed most strongly against the grantor, and in the absence of any provision importing that the grantee shall assume upon himself the payment of a prior mortgage upon the premises, no such obligation arises. I find nothing in this deed indicating such an understanding.

I am aware that in *Tustin* v. *Faught*, 23 Cal. 241, this particular deed from Bojorques to his children was under consideration, and was held to be a deed of bargain and sale, and not a deed of gift. But from the report of the case this point does not appear to have been argued by counsel, or carefully considered by the Court. The opinion of the Court, by Mr. Justice Crocker, does not attempt an analysis of the deed, and, on this point, is unsatisfactory. I think the Court fell into an error in deciding on the character and legal effect of the instrument.

The next point urged by the appellant is, that the deed from Theodosia to Salmon, Bliss, and Touchard is inoperative and void as a conveyance, because of a defect in the certificate of acknowledgment. The statute of February 14th, 1855 (Stats. 1855, p. 12), provides in what manner a married woman may convey her separate estate, in the absence of her husband. It requires the acknowledgment to be made before the District Judge of the county in which the land is situate, and only authorizes such a conveyance to be made by the wife, when the husband was not, and for one year next preceding the execution of the instrument had not been bona fide, residing in this State. The second section requires that the Judge taking the acknowledgment shall, " before he certify the same, be satisfied by

the oaths of at least two credible, disinterested citizens of this State, that the husband of such married woman does not, and for one year next preceding the day of acknowledgment has not, resided in this State, which fact, and the names of the witnesses by whom the same was proved, shall be recited in the certificate of acknowledgment." The acknowledgment in this case was taken before the proper Judge, whose certificate is dated February 26th, 1859, and states that the deed was acknowledged by the wife on the 22d February, 1859, and that he is satisfied by the oaths of four credible, disinterested citizens of this State (whose names are given), that Victor Prudon, the husband of said Theodosia, "does not now reside, and for one year next preceding the 22d day of February A. D. 1859, has not resided, within the State of California." The only objection taken to this certificate is, that it does not state, as is alleged, that on the twenty-second of February (the day of the acknowledgment) the husband was not a resident of this State. It is conceded that the certificate states, that on the twenty-sixth of February, and for one year next preceding the twenty-second of February, Prudon was not a resident of this State; but it is said there is nothing in the certificate to show that on the twenty-second (the day of the acknowledgment) he was not residing in this State. This objection is hypercritical and untenable. If such fine-spun technicalities as this should prevail in interpreting certificates of acknowledgment, there would be but little safety in land titles. The certificate was manifestly intended to speak as of the day of acknowledgment; and when it says Prudon is not "*now*" a resident, it must be referred to the day of the acknowledgment, and not to the date of the certificate, four days later. The statute contemplates that some time may possibly elapse after the acknowledgment, and

CAL. REPS. XLI—77

before the certificate, in order to make the necessary proofs as to the non-residence of the husband, and until the proof is made the transaction is continuous, and is finally terminated by the completed certificate, which speaks as of the day of the acknowledgment. This certificate is clearly good.

Another point made by the appellant is that the deed from Bojorques to his children was inoperative to vest the legal title in them until after the one ninth reserved by him had been definitively located so as to include his homestead. But there is no force in this proposition. There is nothing in the deed to indicate that the actual location of the one ninth was intended as a condition precedent to the vesting of the title. On the contrary, that clause of the deed was designed to be only a specification, in general terms, of the manner in which the reserved one ninth should be thereafter located on a final partition between Bojorques and his children. The provision for the location contains none of the elements of a condition precedent.

The only remaining ground of error relied upon is that there was no proof of the ouster complained of. But the answer puts in issue the plaintiff's title and right of possession; and even on this appeal it is insisted that the plaintiff has neither title nor right of entry, whilst it is not denied that the defendant is in the exclusive possession, holding for himself alone, and not for himself and the plaintiff, as one of his cotenants. Under all the authorities this is sufficient proof of ouster. (*Owen* v. *Morton*, 24 Cal. 373; *Carpentier* v. *Gardiner*, 29 Cal. 163; *Marshall* v. *Shafter*, 32 Cal. 194; 10 Wend. 414; 2 Greenl. Ev., Sec. 318.)

Judgment affirmed.

Mr. Justice TEMPLE, being disqualified, did not participate in the decision of this case.