Burket, C. J.
It is provided in section 4158, Revised Statutes, that real estate, the title to which came by descent, devise or deed of gift, from an ancestor shall, upon the death of the owner intestate without children or their legal representatives, pass to and vest in the' husband or wife-relict of such intestate during his or her natural life, and upon the death of such relict shall pass to and vest in the brothers and sisters of such intestate who are of the blood of the ancestor from whom the estate came. If the estate came not by descent, devise or deed of gift, then the husband *664 or wife relict of such, intestate takes the real estate in fee as provided in section 4159, Revised Statutes.
The lands conveyed to Cinderella, in this case, by her father and mother, did not come to her by descent or devise, but by deed. If the deed which conveyed said lands was a deed of gift, then the judgment of the circuit court as to said lands is right, and should be affirmed; but if it is not a deed of gift, then the judgment is 'wrong, and should be reversed.
The matter of deeds and different conveyances, and their legal effect, is so fully and ably presented in the case of Thompson v. Thompson, 17 Ohio St., 649, that it would not be profitable to again go over the same ground here. It was held in that case, “that a good, as contra-distinguished from a valuable consideration, is sufficient to uphold a deed of conveyance in this state.
By the act of February 22, 1805, 3 O. L., 279, Chase 515, real estate, for the purposes of descent, was divided into two classes, such as came by descent, devise, or deed of gift from an ancestor, and such as came not by descent, devise or deed of gift, but was acquired by purchase by the intestate. This left property which came by deed of gift from one not an ancestor unprovided for.
By the act of February 11, 1824, 22 O. L., 132, Chase, 1313, the words, “but was acquired by purchase by the intestate” were omitted, and ever since that time, the statute in its classification of real estate, has remained as it now is; first, such as came by descent, devise, or deed of gift from an ancestor, and second, such as came not by descent, devise, or deed of gift.
*665 Beginning with the act of 1805, and coming down to the present time, the general assembly has recognized in various statutes, that titles may be acquired by deed of gift; and it follows that as titles can be acquired by deed of gift, they can be transferred by such deed. By the act of April 13,1865, 62 O. L., 172, townships are authorized to acquire real estate by deed of gift. By section 4195, Revised Statutes, deeds of gift to the use of the person making the same, are declared void, clearly implying that other deeds of gift are valid. In Kent’s Commentaries, vol. 4, 463, it is said: “A consideration is generally held to be essential to a good and absolute deed; though a gift or voluntary conveyance will be effectual as between the parties, and is only liable to be questioned in certain cases, when the rights of creditors and subsequent purchasers are concerned. ”
The great weight of authority is, that as between the parties, a gift or voluntary conveyance is valid, and can only be questioned by creditors; and by the recognition given by the general assembly to deeds of gift, and the decision in Thompson v. Thompson, 17 Ohio St., 649, the question as to their validity seems to be fully settled in this state.
Title to real estate acquired by deed of gift from an ancestor, is classed with that which came by descent or devise, and all three are known as ancestral property, because the title comes from an ancestor, and comes without price; it costs nothing. In Walker’s American Law, Tenth Edition, 392, in treating of the rules of ancestral property, it is said: “In this country, or at least in this state, they have been so far altered, that ancestral property, as will be seen hereafter, in- *666 eludes all realty acquired from an ancester, either by descent, devise or deed of gift, where blood is the only consideration; and purchased property includes realty acquired in any other way.” Further along on page' 418, the same author says; “Ancestral property is realty which came to the intestate by descent or devise, from a now dead ancestor, or by deed of actual gift from a living one; there being no other consideration than that of blood. Non-ancestral property is realty which came to the intestate in any other way.”
In providing as to deeds of gift in section 4158, Revised Statutes, regard is had to the title, which means the legal title, and not an equitable title. And in Thompson v. Thompson, 17 Ohio St., 659, the court say: “No question of equity arises in determining the effect of the deed. The question is purely a legal one. ’ ’ To the same effect is Patterson v. Lamson, 45 Ohio St., 77; Stembel v. Martin, 50 Ohio St., 495. While equities are inheritable, the course of descent is controlled by the legal title.
Looking now at the deed in question in this case, and having regard to the legal title, uninfluenced by equity, did the title come to Cinderella by deed of gift or by purchase? The deed says, that the consideration was love and affection for the daughter. If this was all, it would clearly be a deed of gift. But the deed further recites, that it is in consideration of the dutiful obedience and faithful services to us of our said daughter, and in further consideration of one dollar, to us in hand paid by our said daughter. Standing alone, these considerations of obedience, services and one dollar, would clearly make the title one by purchase. How then shall it be solved when the *667 considerations are thus mixed. The title came either by deed of gift or by purchase. It could not come by both; and legally speaking, it could not come partly by deed of gift and partly by purchase. The law as above quoted from Walker solves the question. He says, that to make ancestral property — title by deed of gift — there must be no other consideration than that of blood. Here there was other and additional consideration, and therefore the title came not by deed of gift. As the title came not by deedofgift, it came by purchase, and at the death of Cinderella passed to and vested in her husband, the plaintiff in error, in fee.
The dutiful obedience and faithful services of the daughter may have been rendered under such circumstances as to create no legal obligation against the father to pay for the same even though of great value to him; yet when he voluntarily recognized their value by making them the consideration, in part at least, for the conveyance of a tract of land, he could not after the contract, as evidenced by the deed, was executed, and the deed delivered, annul the same by pleading that he was not legally bound to compensate her. He might well have interposed such plea while the matter was executory, but after being fully executed such plea can avail nothing. What he could not do while living, his heirs cannot do after his death. They stand in his shoes.
Moreover, the consideration of one dollar alone, is sufficient to support the deed as between the parties, and to give it the character of being upon a valuable consideration, as contra-distinguished from a good consideration.
Under the statute of uses, before the statute would execute the use, in bargain and sale, a valu *668 able consideration had to appear, but one dollar was sufficient, no matter what the value of the estate. But a covenant to stand seized to the use of another, required, not a valuable, but a good consideration, such as blood or marriage. Blackstone, Vol. 2, page 338.
The legislature seems to have had these distinctions in mind in framing our statute of descents as to deeds of gift, and intended that a deed of gift from an ancestor should be supported alone, by a consideration of blood or marriage, and that a deed for a consideration other than blood, that is a valuable consideration, should be regarded as a purchase.
There is therefore a clear distinction between our statutes as to deeds of gift, and the statute of California as to gifts of real estate to a wife, and the decisions under the latter statute would not be applicable here. See Peck v. Vandenburg, 30 Cal., 11; Salmon v. Wilson, 41 Cal., 595 ; Bradley v. Love, 60 Texas, 472.
Prom the view thus taken, the other questions made in the record are of no importance, and nothing need be said as to them.
The circuit court erred in applying the law to the conceded and controlling facts, and the judgment complained of in the petition in error will be reversed and judgment entered for the plaintiff in error.

Judgment accordingly.